IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAWRENCE WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:18-cv-135-WHA-MHT-GMB |
| | ) | [WO] |
| GOURMET SERVICES, INC., AL BAKER, TIA BENTON, GIL JONES, JASPER MANUEL, AND CHARLES JONES, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the court is Defendants' Motion to Dismiss Plaintiff's Complaint, filed by Gourmet Services, Inc.; Al Baker; Gil Jones; Tia Benton; Charles Jones; and Jasper Manuel, filed on May 2, 2018. Doc. 17.

Defendants' motion seeks dismissal on the basis of *res judicata*. Defendants refer the court to a prior case brought by Lawrence Wells, 2:13cv516-WKW-CSC (M.D. Ala. filed July 19, 2013) ("*Wells I*"), which brought claims against Gourmet Services, Inc.; Al Baker; Gil Jones; Tia Benton; Charles Jones; and Jasper Manuel. On July 21, 2014, the magistrate judge in *Wells I* recommended that all of the federal claims, except an FLSA claim, be dismissed with prejudice. That recommendation was adopted by the district judge, and all of the Title VII claims in that case were dismissed with prejudice on September 9, 2014. *Wells I* at Doc. 68. The dismissal of the Title VII claims was not entered as a final judgment as to those claims, however. *Cf. Robinson v. Worthington*, 544

F. Supp. 949, 954 (M.D. Ala. 1982) (noting that *res judicata* could apply once the court directed the entry of a final judgment as to all of the claims so that a final judgment existed in the first case).

*Wells I* proceeded on the FLSA claim. Ultimately, the FLSA claim also was dismissed with prejudice and final judgment was entered in the case. *Wells I* at Doc. 197. Wells appealed to the Eleventh Circuit Court of Appeals and that appeal remains pending. *Wells v. Gourmet Services, Inc*., 18-10149 (11th Cir. 2018) ("*Wells II*").

In the instant case, *Wells v. Gourmet Services, Inc*., 2:18cv135 (M.D. Ala. filed Feb. 27, 2018) ("*Wells III*"), Wells again brings claims against Gourmet Services, Inc.; Al Baker; Tia Benton; Charles Jones; and Jasper Manuel. Wells has stated in his complaint that the discrimination at issue occurred on June 10, 2013. *Wells III* at Doc. 1.

Defendants contend that *res judicata* applies at this point in these proceedings because Wells has only appealed the judgment as to the FLSA claims in *Wells I*. It may be that Defendants are correct and that *res judicata* will bar the instant case. Wells appealed after entry of final judgment in *Wells I*, however, and upon review of the appellate filings, the court concludes that the appeal in that case may be broader than an appeal of the dismissal of the FLSA claim. Rather than make a recommendation as to the pending motion to dismiss at this time, therefore, the court concludes that the more prudent course is to stay this case until the appeal of *Wells I* is concluded. *See United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009) (noting that when there is an appeal of a first judgment, "[t]he *Restatement (Second) of Judgments* . . . suggests, if possible, postponing decision on the question of preclusion in a second action until the appeal of the first

judgment has been concluded”).

Accordingly, it is hereby ORDERED that this case is STAYED pending the conclusion of the appeal of *Wells I* in *Wells v. Gourmet Services, Inc*., 18-10149.

It is further ORDERED that the parties are to notify this court in writing when the appeal in *Wells v. Gourmet Services, Inc*., 18-10149 has concluded.

DONE this 9th day of July, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE