**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **LAWRENCE WELLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 2:18-CV-00135-MHT-GMB** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GOURMET SERVICES, INC., et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE TO THE COURT**

COME NOW Defendants Gourmet Services, Inc., Al Baker, Gil Jones, Tia Benton, Charles Jones and Jasper Manuel, pursuant to this Court's order staying this case (Doc. # 30), and hereby give notice to the Court that the Eleventh Circuit Court of Appeals has affirmed the district court's decision in the case of *Lawrence Wells v. Gourmet Services, Inc., et al.*, in the United States District Court for the Middle District of Alabama, Northern Division, 2:13-cv-516-WKW-CSC. A copy of the opinion of the Eleventh Circuit Court of Appeals, Case no. 18-10149, is attached hereto.

Respectfully submitted this the 13th day of September, 2018.

/s/ Constance Caldwell Walker
Thomas T. Gallion, III (ASB-5295-L74T))
Constance Caldwell Walker (ASB-5510-L66C)
Attorneys for Defendants
Gourmet Services, Inc., Al Baker, Gil Jones, Tia Benton, Charles Jones and Jasper Manuel

**OF COUNSEL:**

**HASKELL SLAUGHTER GALLION & WALKER, LLC**
242 Winton Blount Loop
Montgomery, Alabama 36117
Ph. (334)-265-8573
F. (334) 264-7945
ttg@hsg-law.com
ccw@hsg-law.com

/s/ Freddie Gallot Jr.
Freddie Gallot, Jr. (ASB-8009-E62G)
Attorney for Defendants
Gourmet Services, Inc., Al Baker, Gil Jones,
Tia Benton, Charles Jones and Jasper
Manuel

**OF COUNSEL:**

**FREDDIE GALLOT, JR.**
Attorney at Law, LLC
Post Office Box 231536
Montgomery, Alabama 36123
Ph. (334) 396-1016
F. (334) 264-7945
fgallotlegal@charter.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of September, I filed the foregoing with the Clerk of the Court via the electronic filing system and served the same to the following via email:

Lawrence Wells
1422 Alexington Avenue
Deltona, Florida 32725
Lawrence.wells18@gmail.com

/s/ Constance Caldwell Walker
Of Counsel

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 18-10149
Non-Argument Calendar

---

D.C. Docket No. 2:13-cv-00516-WKW-CSC

LAWRENCE WELLS,

Plaintiff-Appellant,

versus

GOURMET SERVICES INC.,
AL BAKER,
GIL JONES,
TIA BENTON,
CHARLIE JONES, et al.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Middle District of Alabama

---

(August 31, 2018)

Before WILSON, JORDAN and HULL, Circuit Judges.

PER CURIAM:

Lawrence Wells, proceeding pro se, appeals the district court's dismissal of his Fair Labor Standards Act ("FLSA") claim as a sanction for failure to comply with court orders. After careful review, we affirm.

## I. BACKGROUND & PROCEDURAL HISTORY

### A. Wells's Initial Complaint

In April 2011, Gourmet Services, Inc. ("Gourmet Services") hired Wells to work as an Executive Chef at Alabama State University in Montgomery, Alabama. In June 2013, Gourmet Services terminated Wells from his employment after the cafeteria received a poor health inspection rating.

After his termination, Wells, an African-American male, filed his original complaint against Gourmet Services and several employees of Gourmet Services. Subsequently, upon the order of a magistrate judge, Wells filed an amended complaint. Wells's amended complaint alleged these claims: (1) racial discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964 (the "Title VII claims"); (2) fraud in the inducement, breach of contract, and slander under state law (the "state law claims"); and (3) unpaid overtime compensation, in violation of the FLSA (the "FLSA claim").

## B. First Order Regarding Email Communications

After Gourmet Services answered Wells's initial complaint, the magistrate judge scheduled a status conference for October 17, 2013. Roughly a week before the conference, Wells telephoned the magistrate judge's chambers to explain that he was in Phnom Penh, Cambodia and requested to participate via telephone or Skype.

The magistrate judge's staff instructed Wells to file a written motion and "that the court does not accept filings or communications via email." Disregarding that instruction, Wells immediately attempted to submit his motion to the court email address that he was told not to use.

As a result, the magistrate judge issued an October 15, 2013 order resetting the status conference and instructing Wells again to communicate by paper and not ex parte email:

> Mr. Wells is again **INSTRUCTED** not to attempt to communicate with the court or to submit motions or other documents to the court via email. Papers are to be filed by physical delivery to the Clerk's office. . . . This court does not accept ex parte email communications from any party. The court will not respond to unauthorized email communications; such communications are subject to deletion. Continued failure to comply with these instructions may result in sanctions.

## C. Dismissal of Title VII and State Law Claims

In February 2014, the defendants filed a motion for judgment on the pleadings as to Wells's Title VII claims, arguing that Wells's original complaint

failed to state a claim for relief. The magistrate judge issued a report and recommendation ("R&R") concluding that the defendants' motion was due to be granted unless Wells filed an amended complaint and directing Wells to file his amended complaint. Wells complied and filed his amended complaint. On April 30, 2014, the magistrate judge held a hearing, which Wells attended.

After taking into account Wells's amended complaint and hearing testimony, the magistrate judge issued a new R&R, dated July 21, 2014. In this second R&R, the magistrate judge concluded that Wells's FLSA claim should proceed, but that Wells's Title VII claims failed on the merits and that his state law claims should be dismissed for lack of jurisdiction. The R&R instructed that any objections must be filed by August 4, 2014. Wells sought and was granted an extension of time to file his objections.

Ultimately, Wells never filed any objections to the second R&R. On September 9, 2014, the district court adopted the second R&R, dismissed with prejudice Wells's Title VII claims, dismissed for lack of jurisdiction Wells's state law claims, and allowed Wells's FLSA claim to proceed.

### D. Attempts to Schedule Trial on FLSA Claim

In January 2015, attorney James E. Long entered his appearance as counsel for Wells. The district court set a trial on Wells's FLSA claim for the term beginning on July 27, 2015. Wells, through Long, began preparing for trial.

Trial was continued to allow the parties to mediate. Thereafter, another trial date was not set because the government of the United Arab Emirates, where Wells had relocated, would not allow him to leave the country due to his involvement in pending litigation in Dubai.

Eventually, in July 2017, the district court set a pretrial conference for January 11, 2018 and a trial for the term beginning on February 26, 2018.

**E. Second Order Regarding Email Communications**

On November 15, 2017, the defendants filed a motion to strike, requesting that the district court strike from the record an ex parte email communication Wells (personally and not through his counsel, Long) had sent to the magistrate judge the previous day.[1] The district court denied the defendants' motion as moot because (1) the district court already advised Wells on several occasions that it would not accept filings or communications via email and (2) the district court had not read Wells's email. The district court once again cautioned Wells that continued unauthorized emails may result in sanctions:

> Plaintiff is again REMINDED that the court will not accept ex parte email communications from any party. ***Unauthorized email communications will not be considered and are subject to deletion. Continued unauthorized use of email communications may result in sanctions.***

[1]Among other things, Wells's November 2017 email included numerous documents related to a 2014 EEOC charge Wells had filed. According to the defendants, that EEOC charge was based on the same facts and raised the same issues as Wells's Title VII claims in the present action. As recounted above, the district court had already dismissed those claims back in 2014.

> Further, Plaintiff is ADVISED that, because he is represented by counsel, and to ensure the orderly disposition of this case, he is not permitted to file motions or otherwise appear before the court pro se. Except by prior leave of court upon a showing of compelling circumstances, ***all requests for court action must be filed by Plaintiff's attorney of record*** in accordance with the applicable Rules of Civil Procedure and Local Rules. ***Documents or motions filed by Plaintiff* pro se *in violation of this Order may be stricken from the record and may result in sanctions.***

**F. Third Attempted Email Communication & Order to Show Cause**

A month later, on December 21, 2017, the defendants filed objections and a request for sanctions after Wells sent another unauthorized email communication to the district court seeking to add additional claims to his FLSA case.[2] The defendants requested that the unauthorized communication be struck and that the district court enter monetary sanctions against Wells for violating the district court's November 2017 order.

On December 28, 2017, the district court issued an order for Wells to show cause why the defendants' motion should not be granted. The district court pointed out that Wells "has already been advised on numerous occasions" not to communicate with the court via email, and stated that it had not read and would not consider Wells's most recent email. The district court added:

> The court has admonished Plaintiff on several occasions, most recently by Order entered November 17, 2017, that "***[c]ontinued***

[2]Wells again attached documentation from the EEOC related to his Title VII claims that the district court dismissed back in 2014.

> ***unauthorized use of email communications may result in sanctions.***" (Doc. # 185 at 1 (emphasis in original); see also Doc. # 18 ("Continued failure to comply with these instructions may result in sanctions.").)

The district court likewise noted that its November 17 order already advised Wells that, while represented by counsel, all filings must be made through his counsel of record and that documents or motions filed by Wells pro se may result in sanctions.

The district court concluded that "it appears likely that Plaintiff Lawrence Wells did deliberately and personally violate the November 17, 2017 Order and others of this court by again attempting email communication with the court, despite having been warned on several occasions of potential sanctions." The district court ordered Wells, through his attorney, to show cause why Wells's action should not be dismissed, and whether lesser monetary sanctions should be imposed, as follows:

> Plaintiff shall specifically show cause why this action should not be dismissed, and why lesser sanctions, including monetary sanctions, should not be imposed for his disobedience. If Plaintiff contends that dismissal is too harsh a sanction, then he shall explain what lesser sanction would be reasonable, and why any sanction less than dismissal would be sufficient to ensure future compliance with this court's orders. Plaintiff shall further explain and present evidence regarding his ability to pay any monetary sanctions . . . .

The district court ordered Wells to file his response to the show cause order no later than January 5, 2018, and stated that failure to timely comply with the Order

"may be considered grounds for dismissal without further notice for failure to prosecute and for continued failure to comply with the Orders of this court."

On January 3, 2018, Wells's counsel Long filed a response representing that: (1) he had had several communications with Wells; (2) he was unable to fully comply with the show cause order; and (3) Wells was out of the country but intended to attend the pretrial conference on January 11, 2018 in person and had furnished documentation of a ticket purchased to return to the United States from the Middle East on January 5, 2018. Long, on Wells's behalf, requested that no ruling be made on the show cause order until Wells could address that matter at the January 11 pretrial conference. Long also represented that he intended to file a motion to withdraw as counsel for Wells. Long filed his motion to withdraw on January 5, 2018.

## G. District Court's January 5, 2018 Dismissal Order

On that same day, the district court granted the defendants' motion for sanctions and dismissed Wells's FLSA claim with prejudice. The district court found that Wells was able to, and did, communicate with his counsel regarding the show cause order, but "knowingly chose not to undertake a reasonable effort to enable his counsel to formulate a timely, compliant response." The district court further noted that Wells had thrice attempted to submit filings via email directly to the court after being explicitly instructed not to do so. On two of those occasions,

Wells was warned of the possibility of sanctions for continued attempts to email the court. On the third occasion, Wells was instructed not to communicate with the court except through his attorney. Instead of properly complying with the show cause order, Wells failed to communicate with his counsel in a manner that would allow attorney Long to file a compliant response and requested an extension of the deadline without good cause.[3]

Accordingly, "[b]ased on Mr. Wells's willful noncompliance with the Order to Show Cause and his repeated attempts to submit motions by email in violation of court orders," the district court found that "the record clearly establishes Mr. Wells's contumacious conduct and willful contempt." The district court concluded that "repeated warnings of potential sanctions have not persuaded [Wells] to comply with the court's orders," and Well's "continuing contumacious conduct demonstrates that sanctions less than dismissal with prejudice are unlikely to secure future compliance and the expeditious conclusion of this litigation."

Additionally, the district court determined that crafting an award of monetary sanctions was not feasible in this case because Wells was proceeding in

[3]In the sanctions order, the district court also denied Wells's request to extend the January 5 deadline for him to respond to the show cause order. The district court determined that Wells had not demonstrated good cause as to why his travel plans prevented him from timely complying with the show cause order, and that his request would unjustly prejudice the defendants by: (1) requiring potentially unnecessary preparation for the pretrial conference; (2) allowing for delayed submission of a proposed pretrial order; (3) hampering the defendant's ability to prepare a timely response to the show cause order; and (4) otherwise wasting judicial resources and further delaying the case, which had been pending since July 2013.

forma pauperis and had not complied with the district court's instructions to demonstrate what amount of sanctions, if any, he would be able to pay. Alternatively, the district court concluded that lesser sanctions would not serve the interests of justice because, "at best, they will result in further unwarranted delays and saddle Defendants and the court with additional unwarranted litigation burden and expense."

Thus, in its January 5, 2018 order, the district court granted the defendants' motion for sanctions and dismissed Wells's FLSA case with prejudice. The district court entered a judgment to that effect that same day.

Proceeding pro se, Wells filed a timely notice of appeal, which identified the "Orde[r] [to] Show Ca[u]se entered in this action on the 29 [sic] day of December 2017" as the order he sought to appeal.[4]

## II. DISCUSSION

### A. Jurisdiction

As a preliminary matter, the defendants argue that this Court lacks jurisdiction over this appeal because Wells's notice of appeal designated only the December 28, 2017 show cause order, and not the January 5, 2018 dismissal order,

[4]Wells subsequently filed a motion for reconsideration in the district court, which the district court denied. Wells did not file an amended notice of appeal following the denial of that motion. Accordingly, we lack jurisdiction to review the district court's ruling on Wells's motion for reconsideration. See Weatherly v. Ala. State Univ., 728 F.3d 1263, 1271 (11th Cir. 2013) (explaining that though parties are not required to wait for the resolution of a post-judgment motion to appeal, the appealing party must file a separate notice of appeal or amend his original notice once the post-judgment motion is resolved to challenge that ruling on appeal).

as the order being appealed. Because the show cause order was non-dispositive and not final, the defendants argue it is not an appealable order within the meaning of 28 U.S.C. § 1291 and, thus, we may not consider Wells's case.

Though we agree with the defendants that the show cause order is not a final, appealable order under § 1291, we nevertheless conclude that we have jurisdiction to consider Wells's appeal of the January 5, 2018 dismissal of his FLSA claim. Federal Rule of Appellate Procedure 3(c) requires that a notice of appeal "designate the judgment, order, or part thereof being appealed," and we generally have jurisdiction to review only those orders that the appellant designates. Fed. R. App. P. 3(c)(1)(B); Nichols v. Ala. State Bar, 815 F.3d 726, 730 (11th Cir. 2016). However, we also liberally construe the requirements of Rule 3, and we will not dismiss an appeal "if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal" and there is no prejudice to the opposing party. Id. at 730-31.

Here, Wells's notice of appeal stated that Wells appealed "from the Orde[r to] Show Ca[u]se entered in this action on the 29 [sic] day of December 2017." Though Wells identified the show cause order in his notice of appeal, it is clear that he in fact intended to appeal the district court's January 5, 2018 dismissal order, which was based in part on Wells's failure to fully comply with the show cause order. Wells filed his pro se notice of appeal on January 12, 2018,

approximately one week after the district court entered its dismissal order, and argues in his brief on appeal that the district court erred in sanctioning him by dismissing his case with prejudice because his failure to comply with the district court's orders was excusable. Moreover, there is no indication that Wells's notice of appeal prejudiced or misled the defendants, as they fully briefed the merits of the sanctions issue. See id. at 731. Thus, we have jurisdiction to entertain Wells's appeal of the January 5, 2018 dismissal order.[5]

**B. Merits**

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."[6] Fed. R. Civ. P. 41(b). A district court also has "the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006). Dismissal with prejudice, however, is "a

---

[5]We do not, however, have jurisdiction over the district court's September 2014 order dismissing Wells's Title VII and state law claims. As noted above, Wells's notice of appeal only identifies the December 2017 show cause order as the basis for his present appeal. Even liberally construed, that notice of appeal does not encompass a challenge to the district court's much earlier and unrelated 2014 order. See Fed. R. App. P. 3(c)(1)(B); Nichols, 815 F.3d at 730-31. Moreover, on appeal, Wells's brief does not challenge the district court's 2014 order, and the defendants do not address that order in their response. As such we cannot and do not address the district court's dismissal of Wells's Title VII and state law claims in this appeal.

[6]We review the district court's dismissal of a case as a sanction for failure to comply with a court order for an abuse of discretion. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 n.14 (11th Cir. 2009). In doing so, we review the district court's factual findings for clear error. Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006).

sanction of last resort," and is not proper unless the district court finds (1) a clear record of delay or willful conduct, and (2) that lesser sanctions are inadequate to correct that conduct. Id.

Here, the district court did not abuse its discretion in dismissing Wells's FLSA claim as a sanction for his repeated refusal to comply with the district court's orders concerning email communications and his failure to fully comply with the show cause order. The district court specifically found that (1) Wells engaged in a pattern of willful conduct in violating the district court's orders and (2) lesser sanctions would not suffice to deter him from engaging in such conduct in future. Id. As detailed above, the record amply supports those findings. Wells thrice disregarded the district court's explicit instructions not to send communications or documents to the court via email, even after being warned that doing so could result in sanctions. Furthermore, though Wells communicated with Long several times before Long filed the response to the show cause order, Wells failed to provide Long with all of the information necessary to comply with that order.

On appeal, Wells complains that Long is responsible for any deficiency in the response to the show cause order because Long filed that January 3 response two days before the January 5, 2018 deadline set by the district court. Specifically, Wells contends that he notified Long on January 4, 2018 that he had secured the

funds to pay a $1,000 monetary sanction and that, had Long simply waited to file the response until the actual January 5 deadline, the response would have been compliant as to his ability to pay a monetary sanction. Notably, however, the district court made clear in its dismissal order that even if Wells had demonstrated what amount of monetary sanctions he could pay, lesser sanctions still would not have sufficed, as they likely would not alter Wells's behavior and would "at best" result in "further unwarranted delays and . . . additional unwarranted litigation burden and expense."

On appeal, Wells also argues that his second and third email attempts to communicate with the district court directly were necessary because Long (allegedly, in cahoots with the defendants' attorneys) refused to seek reinstatement of Wells's Title VII retaliation claim despite a new favorable ruling on that claim from the EEOC. We find this argument unpersuasive. First, if Wells was dissatisfied with Long's representation, it was fully within his power to discharge Long (who Wells himself had retained) as his counsel and seek new counsel or return to proceeding pro se. Furthermore, Wells proceeded pro se for a substantial and active portion of this case before hiring Long, was aware of how to properly file documents pro se, and had in fact done so on numerous occasions. As such, if Wells believed that he needed to present something to the district court pro se,

despite being represented by counsel, he could have in accordance with the relevant rules of procedure instead of violating the district court's orders.

We likewise reject as meritless Wells's contention that the district court was biased against him for seeking to reinstate his Title VII retaliation claim because it would have required the district court to vacate its earlier order granting judgment on the pleadings as to that claim. The district court explicitly stated that it had not reviewed Wells's attempted filings concerning that claim because they were improperly filed and declined to consider them solely on that basis. There is nothing in the record to suggest that the district court harbored any bias against Wells or his Title VII claims, or that the district court treated Wells differently than it would have any other recalcitrant litigant.

In summary, we agree with the district court's well-reasoned determination that Wells engaged in a pattern of willfully violating court orders and that lesser sanctions would not have sufficed to deter him from future violations. Accordingly, we affirm the district court's dismissal of Wells's FLSA claim with prejudice.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 31, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-10149-HH
Case Style: Lawrence Wells v. Gourmet Services Inc., et al
District Court Docket No: 2:13-cv-00516-WKW-CSC

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, each party to bear own costs.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Christopher Bergquist, HH at 404-335-6169.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs