IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAWRENCE WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:18-cv-135-WHA-GMB |
| ) | [WO] |
| GOURMET SERVICES, INC., *et al.* ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. Doc. 3. Pending before the court is the Motion to Dismiss Plaintiff's Complaint filed by Gourmet Services, Inc.; Al Baker; Gil Jones; Tia Benton; Charles Jones; and Jasper Manuel. Doc. 17. Also pending before the court are Plaintiff Lawrence Wells' Motion for Judgment on the Pleadings (Doc. 23) and Motion for Rule 55 Default and Default Judgment. Doc. 27.

The case has been stayed pending the appeal of a decision in a related case. Doc. 30. The appeal in that decision now has been decided, *Wells v. Gourmet Services, et al.*, No. 18-10149, slip op. (11th Cir. Aug. 31, 2018), and the stay is due to be lifted. For the reasons stated herein, the Magistrate Judge RECOMMENDS that the motion to dismiss (Doc. 17) be GRANTED and that the motions for judgment on the pleadings and for default judgment (Docs. 23 & 27) be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Wells has been the plaintiff in two relevant lawsuits: *Lawrence Wells v. Gourmet Services Inc., Al Baker, Gil Jones, Tia Benton, Charles Jones, and Jasper Manuel*, 2:13cv516-WKW-CSC ("*Wells I*"), and the instant case, *Lawrence Wells v. Gourmet Services Inc., Al Baker, Gil Jones, Tia Benton, Charles Jones, and Jasper Manuel*, 2:18cv135-MHT-GMB ("*Wells II*").

Before the first of these cases was filed, Wells filed a charge of discrimination with the Employment Opportunity Commission ("EEOC") on April 9, 2013. *Wells I*, 13cv515, Doc. 1-1 at 4.[1] The EEOC issued a Notice of Right to Sue on May 7, 2013. *Wells I*, 13cv515, Doc. 1-1 at 1.

On June 12, 2013, Wells filed a second charge of discrimination with the EEOC. *Wells I*, 13cv516, Doc. 47-2 at 4. The second charge includes this statement: "On June 8, 2013, I filed two complaints with the City of Montgomery Police Department and the Alabama State University Campus Police, about Mr. Jones harassing me and threatening to shoot me." *Wells I*, 13cv516, Doc. 47-2 at 4.

*Wells I* was filed on July 19, 2013 before Wells received a Notice of Right to Sue on the second EEOC Charge. *Wells II*, 18cv135, Doc. 1 at 3.

Wells filed an amended complaint in *Wells I* on March 20, 2014. 13cv516, Doc. 47. In it, Wells brought a claim of retaliation, stating that he was terminated from employment on June 10, 2013 because he reported his problems with Alabama State University to the

---

[1] The court may take judicial notice of and consider documents that are public records without converting the motion to dismiss into a motion for summary judgment. *Haddad v. Dudek*, 784 F. Supp. 2d 1308, 1324 (M.D. Fla. 2011).

EEOC and to the police. 13cv516, Doc. 47 at 26–27.

On July 21, 2014, the magistrate judge in *Wells I* entered a recommendation, stating that the following claims were stated in the amended complaint: a hostile work environment claim and deprivation of pay claim on the basis of race in violation of Title VII; a claim of discharge in retaliation for complaints; an FLSA claim; and various state-law claims. 13cv516, Doc. 64 at 8.  On July 21, 2014, the Magistrate Judge recommended that all of the federal claims except an FLSA claim be dismissed with prejudice and the state law claims be dismissed for lack of jurisdiction. 13cv516, Doc. 64 at 24–25.  That recommendation was adopted and all of the claims except the FLSA claim were dismissed on September 9, 2014. 13cv516, Doc. 68.

On December 6, 2017, Wells received a right to sue letter from the EEOC on his June 12, 2013 charge of discrimination. *Wells II*, 18cv135, Doc. 1 at 3.

*Wells I* proceeded on the FLSA claim, but ultimately that claim also was dismissed with prejudice, and final judgment was entered in the case on January 5, 2018. 13cv516, Doc. 197 at 1.  Wells appealed the dismissal of his FLSA claim on January 12, 2018. 13cv516, Doc. 199.

Wells filed his second case, *Wells II*, on February 27, 2018, bringing claims against Gourmet Services, Inc.; Al Baker; Tia Benton; Charles Jones; and Jasper Manuel.  Wells alleges in his complaint that he suffered discrimination on June 10, 2013. 18cv135 at Doc. 1 at 2.  He states that his claim relates to his termination. 18cv135, Doc. 1 at 2.  The factual basis of his complaint is that "Charles Jones stated if he had a gun I would be the first one he would shoot." 18cv135, Doc. 1 at 2.  He also claimed in his charge filed with the EEOC

that Gourmet Services, Inc. retaliated against him. *Wells II*, 18cv135, Doc. 1-1 at 2.

The appeal of *Wells I* was decided on August 31, 2018. *Wells v. Gourmet Services, et al.*, Slip Op., 18-10149 (11th Cir. Aug. 31, 2018). In the opinion, the Eleventh Circuit noted that the Notice of Appeal did not encompass the earlier 2014 dismissal order, and the brief did not challenge that order, so the Eleventh Circuit did not address the dismissal of Wells' Title VII and state-law claims. *Id.* at 12 & n.5. The Eleventh Circuit affirmed the dismissal of the FLSA claim. *Id.* at 15.

In response to the *Wells II* complaint, Defendants have filed the pending motion to dismiss, seeking dismissal of *Wells II* on the basis of *res judicata*.

## II. STANDARDS OF REVIEW

### A. Motion for Judgment on the Pleadings

Under Rule 12(c) of the Federal Rules of Civil Procedure, after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc*., 528 F.3d 413, 418 (5th Cir. 2008).

### B. Motion for Default Judgment

Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, a district court may enter a default judgment against a defendant who was properly served and who has failed to defend or appear. Fed. R. Civ. P. 55(b)(2); *see also Surtain v. Hamlin Terrace Found*., 789 F.3d 1239, 1244 (11th Cir. 2015).

## C. Motion to Dismiss

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

### III.   DISCUSSION

## A. Plaintiff's Motions

Wells has moved for judgment on the pleadings and for default judgment. Both motions are due to be denied because they are not appropriately raised at this time. A motion for judgment on the pleadings can be filed when the pleadings are closed—that is, after the complaint and answer or answers have been filed. *See* Fed. R. Civ. 12(c). In this case, only a complaint has been filed, and Defendants responded to it with a Motion to Dismiss, rather than an answer, which is their right under the rules. *See* Fed. R. Civ. Pro.

5

12(b).  When only a single pleading has been filed, competing pleadings do not exist, so a motion for judgment on the pleadings is not appropriate. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014).  For this reason, Wells' motion is due to be denied.

A motion for default judgment may be appropriate if a properly served defendant has failed to answer the complaint or "otherwise defend" the lawsuit. Fed. R. Civ. Pro. 55(a).  The Defendants' motion to dismiss is a defense to the complaint within the Federal Rules. *See, e.g., Davila v. Marshall*, 649 F. App'x 977, 980 (11th Cir. 2016).  The Defendants, therefore, are not subject to default, and Wells' motion is due to be denied.

**B.      Defendants' Motion**

*Res judicata*, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties. *Jaffree v. Wallace*, 837 F.2d 1461, 1466 (11th Cir. 1988).  "This principle, where all other essential elements are present, expands to hold that a judgment operates not only as a bar to every matter actually adjudicated but as to every other matter which might with propriety have been determined." *Bailey v. USX Corp.*, 658 F. Supp. 279, 282 (N.D. Ala. 1987), *aff'd*, 850 F.2d 1506 (11th Cir. 1988).

The party asserting *res judicata* as a defense must establish four elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action. *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013).

The first factor, that the prior decision must have been rendered by a court of

6

competent jurisdiction, is unquestionably satisfied in this case where the first decision was made by a federal district court. *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1188 (11th Cir. 2003).

The second *res judicata* factor also is satisfied here because the prior decision was a final judgment on the merits. Specifically, a final judgment was entered against Wells and in favor of Gourmet Services, Baker, Gil Jones, Benton, Charles Jones, and Manuel. *Wells I*, 13cv516, Doc. 197. No appeal was taken from the dismissal of the Title VII claims, and the dismissal of the FLSA claims was affirmed on appeal. *Wells v. Gourmet Services, Inc.*, 18-10149 at 12 n.5 & 15 (11th Cir. Aug. 31, 2018).

Gourmet Services, Baker, Benton, Gil Jones, Manuel, and Charles Jones, defendants in *Wells I*, are all defendants in this case as well, satisfying the third analytical factor.[2]

The fourth requirement for *res judicata* to bar this case, that both cases must involve the same causes of action, is also met here. "[I]f a case arises out of the same nucleus of operative fact as a former action, then the two cases are really the same claim or cause of action for purposes of *res judicata*." *O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1355 (11th Cir. 2000) (quotations omitted).

---

[2] When Wells filed his amended complaint, he listed additional names after the designation "DBA" which apparently he did not intend to be, and were in any event never considered to be, new parties in the case. 2:13cv516, Doc. 197 (listing in final judgment as Defendants Gourmet Services, Inc., Al Baker, Gil Jones, Tia Benton, Charles Jones, and Jasper Manuel). Even if there were additional parties in the first case who are not named in this case, *res judicata* still applies. *See Green v. Cooper Hosp./Univ. Med. Ctr.*, No. 97-5745, 1997 WL 749475, at *1–2 (E.D. Pa. Dec. 3, 1997) (finding identical parties where second action contained two less and two additional parties than the first action, but contained defendants common to both); *cf. Federer v. Zurich Am. Ins. Co.*, 701 F. App'x 835 (11th Cir. 2017) (finding that a defendant named only in the second suit was alleged to be liable on the same operative facts as the original lawsuit so identity requirement was met).

This case, *Wells II*, involves the same nucleus of operative fact as *Wells I*. In the complaint filed in *Wells II*, Wells states that the alleged retaliation in termination occurred on June 10, 2013, and that factual basis of his complaint is "Charles Jones stated if he had a gun I would be the first one he would shoot." Doc. 1 at 2. In the Amended Complaint in *Wells I*, among other things, Wells alleged that Charles Jones, district manager, intimidated him and told Wells that if he had a gun, Wells would be the first person he would shoot, which Wells reported, and which resulted in his termination on June 10, 2013. 13cv516, Doc. 47 at 24–25.

Wells cites *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 523 (6th Cir. 2011) in opposition to the motion to dismiss, which stands for the proposition that distinct events which result in new facts, not merely new legal theories, are not subject to *res judicata*. *Id.* In this case, however, the facts upon which Wells seeks to proceed not only were in existence when he filed an Amended Complaint in *Wells I*, they were in fact alleged in that case. 13cv516, Doc. 47 at 24–25.

The court notes that Wells' receipt of the December 6, 2017 Notice of Right to sue may have led him to believe that he was entitled to file a second lawsuit. This letter, however, cannot suspend the application of *res judicata* principles. *See O'Connor*, 200 F.3d at 1355–56 (stating that the issuance of a Notice of Right to Sue after the plaintiff filed a suit did not alter the usual approach to addressing questions of *res judicata*). The retaliation claim asserted here was brought in *Wells I*, but even if there are legal theories asserted in *Wells II* which were not alleged as claims in *Wells I*, a claim can be barred by *res judicata* if the facts giving rise to both claims were in existence at the time the plaintiff

8

filed suit. *O'Connor,* 200 F.3d at 1356 (holding that because an FMLA claim and other discrimination claims all issued from the single event of termination of employment *res judicata* barred the second suit).  The facts alleged in *Wells II* were in existence at the time of *Wells I*, satisfying the fourth requirement of the application of *res judicata* in this case.

The motion to dismiss is due to be GRANTED and Wells' claims are due for dismissal with prejudice as barred by *res judicata. See Gomez v. Celebrity Cruises Inc.*, 2009 WL 10699888, at *3 (S.D. Fla. Dec. 28, 2009) (dismissing claims with prejudice as barred by *res judicata*)*, aff'd, Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882 (11th Cir. 2013).

## IV.  CONCLUSION

It is hereby ORDERED that the stay of this case is LIFTED.

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that the Motion for Judgment on the Pleadings (Doc. 23) and Motion for Rule 55 Default and Default Judgment (Doc. 27) be DENIED.  The Magistrate Judge further recommends that the Motion to Dismiss (Doc. 17) be GRANTED, and that all claims asserted in this case be DISMISSED with prejudice as barred by *res judicata*.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation not later than **October 12, 2018.**  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's factual findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of the legal and factual issues covered in this report and recommendation, and also waives the right of the party to challenge on appeal the District Court's order based on findings and conclusions to which the parties have not objected, absent plain error or manifest injustice. *See Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 887 (11th Cir. 2017).

DONE on the 28th day of September, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE